1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  HUSSAIN D. VAHIDALLAH,                    CASE NO. 08-CV-1425-H
                                              (NLS)
12                              Plaintiff,
                                              ORDER:
13
                                              (1) DISMISSING COMPLAINT,
14      vs.                                   WITH LEAVE TO AMEND

15                                            (2) DENYING WITHOUT
                                              PREJUDICE MOTION FOR
16                                            APPOINTMENT OF COUNSEL

17  SOUTHWESTERN COLLEGE,                     (3) DENYING WITHOUT
                                              PREJUDICE MOTION TO
18                              Defendant.    PROCEED IN FORMA
                                              PAUPERIS
19

20          On July 28, 2008, plaintiff Hussain Vahidallah ("Plaintiff") submitted a civil

21  complaint against Southwestern College along with a motion to proceed in forma

22  pauperis ("IFP") and a motion to appoint counsel under 42 U.S.C. § 2000e-5(f)(1).

23  (Doc. Nos. 1-3.)  For the reasons discussed below, the Court dismisses the complaint

24  for failure to state a claim, with leave to amend.  The Court denies the motion to

25  proceed in forma pauperis without prejudice.  The Court denies the request for

26  appointment of counsel without prejudice.

27  / / /

28  / / /

**Discussion**

**I.      Sua Sponte Screening of IFP Complaint**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss an IFP complaint sua sponte if the complaint is frivolous, malicious, or fails to state a claim. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (discussing similar provision of 28 U.S.C. § 1915A); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where the claim lacks a cognizable legal theory, or where plaintiff has not alleged facts sufficient to support the claim. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

Plaintiff alleges that he was discriminated against in hiring because of an unspecified disability. The complaint makes only conclusory allegations of discrimination. Furthermore, there is no indication that Plaintiff timely exhausted his Title VII administrative remedies. Where the plaintiff does not obtain a right-to-sue letter from the EEOC, a Title VII employment discrimination case is subject to dismissal absent some equitable consideration to the contrary. See Surrell v. California Water Serv. Co., 518 F.3d 1097, 1104-05 (2008). There is no indication that equitable considerations should apply here. Finally, the Court takes judicial notice of the fact that the state court has identified Plaintiff as a vexatious litigant. (See Order Granting Mot. Dismiss With Prejudice, Case 07-CV-0371, Doc. No. 64, at 1.)

If a complaint fails to state a claim, courts generally grant leave to amend unless

the pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995)  As a result, the Court will provide Plaintiff with an opportunity to amend his pleadings.

## II.    Motion for Appointment of Counsel

Plaintiff submitted a form motion for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1).  Plaintiff did not submit all information required by the form.  (See Doc. No. 3.)  Furthermore, it appears that Plaintiff, who has brought several other federal cases pro se, can adequately represent himself.  (See, e.g., Case Nos. 97-CV-0879, 03-CV-1800, 05-CV-1843, 07-CV-0371, 08-CV-0843.)

## III.    Motion to Proceed IFP

Since the Court has dismissed the complaint on its initial screening, the Court declines to grant leave to proceed IFP at this time.  The Court denies the motion to proceed IFP without prejudice.  If Plaintiff submits a new motion, he should provide sufficiently detailed financial information for the Court to make its determination.  (Cf. Order Denying Mot. Leave Proceed IFP Dismissing Action, Case No. 08-CV-0843, Doc. No. 9 (dismissing case after Plaintiff failed to provide sufficient financial information in four successive motions to proceed IFP).)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## <u>Conclusion</u>

2      The Court dismisses the complaint without prejudice, denies the motion to

3   proceed IFP without prejudice, and denies the motion to appoint counsel without

4   prejudice.  Plaintiff may submit an amended complaint, consistent with this order,

5   within **45 days** of the date this order is signed.  Plaintiff may also submit new requests

6   to proceed IFP and for appointment of counsel.

7      IT IS SO ORDERED.

8   DATED:  August 11, 2008

9

10                          MARILYN L. HUFF, District Judge
                          UNITED STATES DISTRICT COURT

11   COPIES TO:
    All parties of record.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28